

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00183-CR

EX PARTE RAMONE COLEMAN

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Ramone Coleman attempts to appeal the trial court's January 16, 2013 denial of his post-conviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (West 2005). Coleman filed a notice of appeal on April 29, 2013. On May 3, 2013, we sent him a letter stating our concern that we lacked jurisdiction over the appeal because the notice of appeal

---

[1]*See* Tex. R. App. P. 47.4.

was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). We informed him that the appeal could be dismissed unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before May 13, 2013. *See* Tex. R. App. P. 42.3(a), 44.3.

Although Coleman filed a response, it does not state any grounds for continuing this appeal. In his response, he argues that his request for findings of fact and conclusions of law extends the deadline for filing a notice of appeal. It does not. *See Montoya v. State*, No. 07-02-00247-CR, 2002 WL 1732519, at *1 (Tex. App.—Amarillo July 25, 2002, no pet.) (op. on reh'g) (not designated for publication). Moreover, even if the time period for filing an appeal were extended due to the filing of his request for findings of fact and conclusions of law, the notice of appeal would still have been late, and we do not have authority to grant an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (reasoning that if an appeal is not timely perfected, a court of appeals has no jurisdiction to address its merits and can take no action other than to dismiss it). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 20, 2013

2